UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAR 17 2009

******************************************

| | |
|---|---|
| SCOTT R. SEMRAD, | CIV. 08-4151 |
| Plaintiff, | |
| vs. | OPINION AND ORDER ON MOTIONS |
| WARDEN BOB DOOLEY, Warden, Mike Durfee State Prison; TOM GILCHRIST, Mental Health Therapist; CORY NELSON, Mental Health Therapist; TIM REISCH; Secretary of Corrections; TRAVIS TJEERDSMA, Unit Coordinator; HARLEN TJEERDSMA, Unit Manager; LT. MUDDER; C.O. SCOTT; MAJ. TJEERDSMA; SGT. CHRISTENSON; CPL. KEMNITZ; and LT. PELTON; all in their official and individual capacities; | |
| Defendants. | |

******************************************

Pending and ready for ruling are: Plaintiff's Motion for Deposition of Witnesses Prior to Trial (Doc. 39), Motion to Issue Summons to Compel Known Witnesses to Testify in Court (Doc. 40), Motion for the Prison to Release Names of Staff Members and Their Schedules (Doc. 41), Motion to Deny Defendants' Motion for Summary Judgment (Doc. 53), Motion for Appointment of Counsel (Doc. 54), Motion for Summary Judgment Continuance (Doc. 57), Motion for Discovery (Doc. 61), Motion to Investigate Conspiracy Claims (Doc. 62), Motion for Partial Summary Judgment (Doc. 69), Motion to Add Defendants (Doc. 73) and Motion for Discovery (Doc. 74). In response to the flurry of filings by Plaintiff, Defendants have filed a Motion for Protective Order and Stay of Discovery (Doc. 63), Motion to Strike Amended Complaint (Doc. 67) and Request for Expedited Ruling (Doc. 75). Plaintiff then filed a Motion to Amend Complaint and Add Defendants (Doc. 76), Motion to Deny Defendant's Motion for Protective Order and Stay of Discovery (Doc. 77) and Motion to Deny Defendant's Motion to Strike Amended Complaint (Doc. 79).

## BACKGROUND

Plaintiff's case is a prisoner civil rights lawsuit pursuant to 42 U.S.C. § 1983. Liberally construed, Plaintiff's filings allege (1) Defendants have been deliberately indifferent to his serious medical needs; (2) he has been subjected to retaliation as a result of filing this lawsuit, charged in a disciplinary action, confined in segregation, and denied due process during the disciplinary hearing; and (3) prison officials have interfered with his incoming and outgoing mail and visits from his wife. In his Second Amended Complaint filed March 5, 2009 (Doc. 58) and which is discussed later in this opinion, Plaintiff seeks compensatory damages, punitive damages and various forms of injunctive relief. Each defendant is sued in their individual and official capacities.

## DISCUSSION

### Plaintiff's Motion for Deposition of Witnesses Before Trial (Doc. 39):

Plaintiff withdrew this motion (Doc. 77). It is therefore DENIED as moot.

### Plaintiff's Motion to Issue Summons to Compel Witnesses to Testify in Court (Doc. 40):

Plaintiff withdrew this motion (Doc. 77). It is therefore DENIED as moot.

### Defendants' Motion for Protective Order and Stay of Discovery (Doc. 63):
### Plaintiff's Motion to Deny Motion for Protective Order and Stay of Discovery (Doc. 77):

Defendants assert the court should enter a protective order providing all discovery in the case be stayed until such time as a ruling is made on their yet unfiled motion for summary judgment regarding qualified immunity. "Prison officials may rely on the defense of qualified immunity to protect them from liability for civil damages." Hayes v. Long, 72 F.3d 70, 72 (8th Cir. 1996 (citations omitted). Qualified immunity provides "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "Indeed . . . even such pretrial matters such as discovery are to be avoided if possible, as inquiries of this kind can be particularly disruptive of effective government.." Id. Qualified immunity is intended to protect public officials from

disruptive, broad-ranging discovery. However, "[i]n some circumstances limited discovery may be required to resolve the qualified immunity question." Technical Ordinance, Inc. v. United States, 244 F.3d 641, 647 (8th Cir. 2001) (citations omitted) cert. den. 534 U.S. 1084, 122 S.Ct. 819, 151 L.Ed.2d 702 (2002). Also, qualified immunity does *not* shield a public official from suit for *injunctive* relief. Burnham v. Ianni, 119 F.3d 668, 673, n.7 and cases cited therein (8th Cir. 1997).

In this case, the Plaintiff's Second Amended Complaint filed on March 5, 2009 (Doc. 58) and which is discussed later in this opinion, requests both money damages and injunctive relief. Even if the Defendants' qualified immunity defense defeats the claim for money damages, therefore, the claim for injunctive relief must still be determined on the merits. Accordingly, the motion (Doc. 63) is DENIED. Defense counsel's other arguments regarding discovery matters will be addressed in the analysis of other motions filed by Plaintiff.

In response to Defendants' Motion, Plaintiff filed his Motion to Deny Defendant's Motion for Protective Order and Stay of Discovery (Doc. 77). The motion is DENIED AS MOOT. Plaintiff is advised he need not have filed a "motion" in this instance. Simply submitting the document as a "response" would have sufficed and allows for a clearer docket for all involved.

### Plaintiff's Motion to Release List of Staff Members Names and Schedules (Doc. 41): Plaintiff's Motion for Discovery (Doc. 61): Plaintiff's Motion for Discovery (Doc. 74):

Plaintiff's motions request the production of various information. Defendants urge the motions be denied as premature, overly broad, unduly burdensome, frivolous, and as seeking confidential and privileged information. Defense counsel correctly notes that Plaintiff failed to comply with Federal Rule of Criminal Procedure 37 and Local Rule of Practice 37.1 and also failed to serve a copy of various documents upon defense counsel as is required. Plaintiff is advised that any document he files with the court must be served upon counsel for the Defendants. That

3

notwithstanding it appears defense counsel has sufficiently investigated the docket and is aware of all of Plaintiff's pending motions.

Plaintiff's Motion to Release Staff Members Names and Their Schedules (Doc. 41) is overly broad as written. The essence of the motion, however, requests information Plaintiff is entitled to discover. Accordingly, the motion (Doc. 41) is GRANTED IN PART as follows: Defendants shall, on or before April 3, 2009, provide Plaintiff a list of MDSP staff members who had direct contact with Plaintiff between September 26 and September 29, 2008. The balance of the motion is DENIED.

Plaintiff has withdrawn his Motion for Discovery (Doc. 61). *See* Doc. 77. Accordingly, the Motion for Discovery (Doc. 61) is DENIED as moot.

Plaintiff's Motion for Discovery (Doc. 74) requests a copy of the Department of Corrections' policy on staff training requirements for urinalysis samples. Defendants assert the information is confidential and restricted from public access for security purposes. Accordingly, the motion is DENIED.

### Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. 53): Plaintiff's Motion for Summary Judgment Continuance (Doc. 57):

Plaintiff is a prolific filer and in his eagerness to present his case he is bordering on being considered a frivolous filer by the court. The best example is plaintiff filing a "motion to deny defendants motion for summary judgment" despite no motion being filed by defendants. Plaintiff is given much deference as a pro se plaintiff, but plaintiff's repetitive and premature filings are creating an undue strain on judicial resources. Plaintiff is is cautioned to avoid impulsive filings and instead should thoughtfully and with great care consider any filings with the court.[1] Plaintiff's

---

[1] That Plaintiff later withdrew the motions (Doc. 77) does not change the result.

4

Motions (Doc. 53 and 57) are DENIED AS MOOT.

### Defendants' Motion to Strike Doc. 58 [Second] Amended Complaint (Doc. 67): Plaintiff's Motion to Add Defendants (Doc. 73): Plaintiff's Motion to Amend Complaint and Add New Defendants (Doc. 76): Plaintiff's Motion to Deny Defendants' Motion to Strike (Doc. 79):

Defendants request the court strike Plaintiff's [Second] Amended Complaint correctly noting Plaintiff did not seek leave of court to amend the complaint nor did he obtain the written consent of defense counsel. In the [Second] Amended Complaint, Plaintiff refines his claims and his request for relief. Despite Plaintiff's non-compliance with Federal Rule of Civil Procedure 15, the court will allow the amended complaint to be filed. Defendant's motion to strike is DENIED.

Plaintiff has filed a motion seeking to add three defendants, Sgt. Christenson, Cpl. Kemnitz and Lt. Pelton and has sufficiently alleged facts for their addition. Although defendants have not specifically responded to the motion, their assumed objection is clear based on their prior pleadings. However, the court finds the additions survive screening and will allow the further amendment of the complaint. As such, the court considers the entirety of Plaintiff's claims to be reflected in the [Second] Amended Complaint (Doc. 58) and in his Motion to Add Defendants (Doc. 73). No further amendments will be allowed without leave of court and upon good cause shown. Accordingly, the motion (Doc. 73) is GRANTED and the case caption is amended as indicated herein. The Clerk of Court shall provide six blank summons forms to plaintiff for him to complete. Plaintiff is responsible for the service of the summons, amended complaint (Doc. 58) and the supplement to the complaint (Doc. 73) upon defendants within the time frame specified in Federal Rule of Civil Procedure 4(m). Until the newly added defendants are served and have filed a responsive pleading, the case is stayed and Plaintiff is instructed to file **NO FURTHER MOTIONS**.

Also pending is Plaintiff's Motion to Amend Complaint and Add New Defendants and Motion to Deny Defendant's Motion to Strike Amend Complaint (Docs. 76 and 79) wherein he

5

explains the previously filed documents were filed in an attempt to make "his claims more clear and include defendants as their liability and identities become known. The claims, new language, and statements which have been added or made more clear arise from the same facts alleged in the original pleading and therefore relates back to the original pleading." As previously discussed the court will allow the requested amendments and new defendants to be added and the motions (Docs. 76 and 79) are DENIED AS MOOT. Plaintiff is once again instructed he need not file a "motion to deny" motions which are filed by the Defendants. A response the Defendants' motion will suffice.

### Plaintiff's Motion for Appointment of Counsel (Doc. 54):

This is the second motion filed by Plaintiff requesting the appointment of counsel. See Doc. 35. Although Plaintiff has bolstered his argument in support of the motion, the court adheres to its prior ruling and the motion is DENIED without prejudice.

### Plaintiff's Motion to Investigate Conspiracy Claims (Doc. 62):

Plaintiff has indicated he wishes the Court to order him to be allowed to make copies on a daily basis and to allow for the notarization of legal paperwork without exception. It is not the function of the Courts to interfere in the day-to-day running of the penitentiary. Cole v. Benson, 760 F.2d 226, 227 (8th Cir. 1985). Plaintiff's motion is DENIED.

### Plaintiff's Motion for Partial Summary Judgment (Doc. 69):

Plaintiff moves for partial summary judgment. In addition to the motion Plaintiff filed his declaration and brief in support of the motion and his statement of undisputed facts.

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Clark v. Kellog Co., 205 F.3d 1079, 1082 (8th Cir. 2000); Fed. R. Civ. P. 56(c). If the pleadings, depositions, answers to interrogatories, and

6

admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. Id. To avoid summary judgment, the non-moving party must "show that admissible evidence will be available at trial to establish a genuine issue of material fact." Churchill Business Credit, Inc. v. Pacific Mutual Door Co., 49 F.3d 1334, 1337 (8th Cir. 1995). "Summary judgment is an extreme remedy, to be granted only when no genuine issue exists as to any material fact." Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997) cert. den. 122 S.Ct. 1618, 152 L.Ed.2d 630 (2002). The substantive law governing the issue at hand determines whether an element is essential to the case, and only disputes about facts that might affect the outcome of the suit will preclude the entry of summary judgment. Dulany v. Carhahan, 132 F.3d 1234, 1237 (8th Cir. 1997).

In regard to Plaintiff's Motion for Partial Summary Judgment, the Eighth Amendment to the Constitution of the United States provides the relevant substantive law. "The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide inmates with medical care. To prevail on a claim of constitutionally inadequate medical care, the inmate must show that the prison officials' conduct amounted to deliberate indifference to the prisoner's serious medical needs." Dulany, 132 F.3d at 1237-38. (internal punctuation and citations omitted). This standard includes both an objective and subjective component. The plaintiff must prove (1) that he suffered from objectively serious medical needs and (2) that prison officials actually knew of but deliberately disregarded those needs. "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). An incorrect diagnosis does not violate a prisoner's Eighth Amendment rights. Id. at 1097. Finally, "[p]rison officials can be found free from liability if they responded reasonably to a risk, even if the harm

ultimately was not averted. In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." Dulany, 132 F.3d at 1240.

Even *deliberate* indifference to some medical needs, however, does not result in a violation of the Eighth Amendment right to be free from cruel and unusual punishment. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious" medical need has been described as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention" (Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)) and as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66, 67 (2nd Cir. 1994), cert. den. 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). Also, "only those deprivations denying the minimal civilized measures of life's 'necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Sieter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (citations omitted).

No scheduling order has been yet entered in this case and discovery remains to be completed. At this early stage, the Court cannot determine there is no genuine issue of material fact. Accordingly, the motion is DENIED, without prejudice.

# **ORDER**

Based on the foregoing, it is hereby

ORDERED that:

1. Plaintiff's Motion for Deposition of Witnesses Before Trial (Doc. 39), Plaintiff's Motion to Issue Summons to Compel Witnesses to Testify in Court (Doc. 40), Plaintiff's Motion to Deny Defendant's Motion for Protective Order and Stay of Discovery (Doc. 77); Plaintiff's Motion for Discovery (Doc. 61), Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment (Doc. 53), Plaintiff's Motion for Summary Judgment Continuance (Doc. 57), Plaintiff's Motion to Amend Complaint and Add New Defendants (Doc. 76), Plaintiff's Motion to Deny Defendants' Motion to Strike (Doc. 79) are DENIED AS MOOT;

2. Plaintiff's Motion to Release Staff Members Names and Their Schedules (Doc. 41) is GRANTED IN PART AND DENIED IN PART;

3. Plaintiff's Motion for Discovery (Doc. 74) and Plaintiff's Motion to Investigate Conspiracy Claims (Doc.62) are DENIED;

4. Plaintiff's Motion for Partial Summary Judgment (Doc. 69) and Plaintiff's Motion for Appointment of Counsel (Doc. 54) are DENIED without prejudice;

5. Plaintiff's Motion to Add Defendants (Doc. 73) is GRANTED;

6. Defendants' Motion for Protective Order and Stay of Discovery (Doc. 63) and Defendants' Motion to Strike Amended Complaint (Doc. 67) are DENIED;

7. The case caption is amended as indicated in the caption of this order;

8. The clerk shall provide six blank summons forms to Plaintiff for him to complete for service upon the three newly added defendants: Sgt. Christenson, Cpl. Kemnitz and Lt. Pelton. Plaintiff is responsible for the service of the summons, amended complaint (Doc. 58) and supplement to the complaint (Doc. 73) upon defendants within the time frame specified in Federal Rule of Civil Procedure 4(m).

9. Until the newly added defendants are served and have filed a responsive pleading the case is stayed and Plaintiff shall file no further motions.

10. Once the newly added defendants have filed a responsive pleading a Scheduling Order will be entered so the case may proceed in an orderly fashion.

Dated this 17 day of March, 2009.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge