UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
JUN 0 4 2009
CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SCOTT R. SEMRAD, | * | CIV. 08-4151 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER ON MOTION |
| WARDEN BOB DOOLEY, Warden, Mike Durfee State Prison; TOM GILCHRIST, Mental Health Therapist; CORY NELSON, Mental Health Therapist; TIM REISCH; Secretary of Corrections; TRAVIS TJEERDSMA, Unit Coordinator; HARLEN TJEERDSMA, Unit Manager; LT. MUDDER; C.O. SCOTT; MAJ. TJEERDSMA; SGT. CHRISTENSON; CPL. KEMNITZ; and LT. PELTON; all in their official and individual capacities; | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is Defendants' Renewed Motion for Protective Order and Stay of Discovery (Doc. 97). Defendants assert the court should enter a protective order providing that they need not respond to discovery requests by Plaintiff, formal or informal, above and beyond the materials and information that have been provided to date. Further, Defendants request the Plaintiff be prohibited from directly contacting any of the Defendants or prison staff with requests for documents or information related to the issues in this or any other legal proceeding so long as the current action is pending.

Defendants assert they are entitled to a protective order and stay of discovery for two reasons. First, they allege Plaintiff's discovery requests are unreasonably abusive. Counsel represents Plaintiff has asked 451 interrogatories which contain a total of 1,007 separate questions and has asked 305 requests for admission. Defendants assert this grossly exceeds the amount of discovery requests allowed by the Court's scheduling order (Doc. 95) and by Federal Rule of Civil

Procedure 33. Defendants assert Plaintiff has inappropriately contacted prison staff for discovery materials and has filed a meritless small claims action during the pendency of this case.

Second, Defendants assert qualified immunity limits the amount of discovery allowed before the issue of qualified immunity is resolved and state they have already produced all the materials required to be produced, including Plaintiff's institutional file and medical records.

"Prison officials may rely on the defense of qualified immunity to protect them from liability for civil damages." Hayes v. Long, 72 F.3d 70, 72 (8th Cir. 1996 (citations omitted). Qualified immunity provides "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "Indeed...even such pretrial matters such as discovery are to be avoided if possible, as inquiries of this kind can be particularly disruptive of effective government.." Id. Qualified immunity is intended to protect public officials from disruptive, broad-ranging discovery. However, "[i]n some circumstances limited discovery may be required to resolve the qualified immunity question." Technical Ordinance, Inc. v. United States, 244 F.3d 641, 647 (8th Cir. 2001) (citations omitted) cert. den. 534 U.S. 1084, 122 S.Ct. 819, 151 L.Ed.2d 702 (2002). Qualified immunity does *not* shield a public official from suit for *injunctive* relief. Burnham v. Ianni, 119 F.3d 668, 673, n.7 and cases cited therein (8th Cir. 1997).

Plaintiff's Second Amended Complaint filed on March 5, 2009 (Doc. 58) requests both money damages and injunctive relief. If the Defendants' qualified immunity defense defeats the claim for money damages, the claim for injunctive relief remains to be determined on the merits. The Defendants request that a protective order should be entered staying all additional discovery until the issue of qualified immunity has been resolved. Following resolution of the qualified immunity issue discovery can be tailored to address the remaining issues, if any.

The Scheduling Order (Doc. 95) provides that all discovery shall be commenced in time to

be completed by August 6, 2009, and that a maximum of 25 interrogatories and 25 requests for admission by each party to any other will be allowed. Rule 33, which was attached to the Scheduling Order, provides the same. Rule 33 also provides the count of 25 interrogatories includes "all discrete subparts." Plaintiff has ignored both the Scheduling Order and Rule 33. He has served 1,007 interrogatory questions and 305 requests for admission.

It is ORDERED that defendants' motion for protective order (Doc. 97) is GRANTED. Defendants do not need to respond further to discovery served by the plaintiff until further order of the court. All of plaintiff's discovery is quashed. There will be no further discovery or attempted discovery without prior court Order authorizing the discovery until the issue of qualified immunity has been decided. Plaintiff is reminded that all of the defendants are represented by counsel. All of plaintiff's communications about this lawsuit should be directed to counsel for the defendants. Motions and briefing should be accomplished in compliance with the Scheduling Order (Doc. 95).

Dated this 4 day of ~~May~~ June, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge